[No. 1082. Decided March 9, 1894.]

E. HAMMER, *Respondent*, v. JAMES O'LOUGHLIN AND THOMAS COSTELLO, *Appellants*.

BILL OF SALE AS CHATTEL MORTGAGE — EVIDENCE.

Where, at the time of the execution of a bill of sale by a debtor to his creditor the undisputed proof shows that there was no reservation of any right to the property or to the proceeds thereof by the vendor, the presumption that the instrument is a bill of sale and not a chattel mortgage is not overcome by testimony that the

purchaser admitted that if he made more out of the property than
would pay the total amount due him he would be willing to pay
the overplus to his vendor; nor by testimony showing that after
the execution of the alleged bill of sale the purchaser took a mort-
gage on other property of the vendor as security for any deficit re-
maining after the application to his debt of the proceeds of the
property covered by the bill of sale; and that at another time he
sought to get money from the vendor in reduction of the amount
of such indebtedness.

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, and *Frank Quinby*, for appellants.
*J. Henry Smith*, and *Moore & Pittman*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Appellants' claim to the property in question
is founded upon a levy thereon by virtue of a writ of at-
tachment against the firm of Larson & Luddington. Re-
spondent claims title by virtue of a bill of sale from said
Larson & Luddington, executed and recorded before the
levy of the attachment, and it is conceded that respondent
was entitled to judgment if such bill of sale was to have force
as such.    It is contended, however, that it was given only
as security, and that it should be construed as a chattel
mortgage.

The testimony given by the respondent in relation to
the circumstances under which the bill of sale was given,
and the object and effect thereof is in no manner contra-
dicted by the proofs offered by appellants.    The substance
of such testimony was that he was the owner of the prop-
erty by virtue of a sale to him evidenced by said bill of
sale; that the firm was indebted to him for a large sum of
money, and was responsible for the obligations of certain
of the men in its employ; that the property was sold to
him for the purpose of paying such indebtedness, and if
sufficient proceeds could be derived therefrom, also paying
the obligations of the men.    Such testimony directly nega-

tived any idea on the part of the parties to the sale that any right to the property or to any of the proceeds thereof was retained by those who made the bill of sale. Such being the fact, there was nothing in the transaction which would change the presumption that the bill of sale was what it purported to be.

But few circumstances are relied upon by the appellants to overcome this testimony: One is that the respondent admitted at one time that if he made more out of the property than would pay the total amount due to him he would be willing to pay the overplus to Larson & Luddington; but such admission had no tendency to establish the fact that prior to or at the time the bill of sale was made there was any such understanding as between him and the makers thereof.

It also appeared from the evidence that after the making of said bill of sale respondent took a mortgage on a team as security for any amount which might remain unpaid after the application of the proceeds of the property covered by the bill of sale, and that at one time he sought to get some money of said Larson & Luddington by way of a loan, or in reduction of the amount of their indebtedness.

In our opinion these circumstances were not sufficient to overcome the presumption growing out of the execution of the bill of sale, and the undisputed proof that at the time it was executed there was no reservation of any right to the property or to the proceeds thereof by said Larson & Luddington.

The judgment must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.